# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RICKY WARD,**
**Claimant Below, Petitioner**

**FILED**
June 26, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0358** (BOR Appeal No. 2053591)
(Claim No. 2012031245)

**ARCELORMITTAL USA XMB PRINCETON DIVISION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ricky Ward, by Counsel Jerome J. McFadden, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Arcelormittal USA XMB Princeton Division, by Counsel Jeffrey B. Brannon, filed a timely response.

The issue on appeal is reopening of the claim for temporary total disability benefits. The claims administrator denied the request to reopen the claim for temporary total disability benefits on December 12, 2017. The Office of Judges affirmed the decision in its October 11, 2018, Order. The Order was affirmed by the Board of Review on March 7, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ward, an underground coal miner, was injured in the course of his employment on March 22, 2012, when a belt structure struck him in the back of the neck. J. Travis Burt, M.D., performed an independent medical evaluation on November 14, 2012, in which he determined that Mr. Ward had reached maximum medical improvement.

A December 21, 2012, treatment note by Rebecca Austin, M.D., indicates Mr. Ward could return to light duty work with restrictions. On January 30, 2013, Mr. Ward returned to Dr. Austin who noted that he appeared to be tolerating his return to light duty work. She recommended he

1

continue with his current work restrictions. On March 27, 2013, it was again indicated that the claimant could continue to work with restrictions through September 10, 2013.

In a February 26, 2014, decision, the Office of Judges reversed a claims administrator's decision and granted Mr. Ward an 8% permanent partial disability award. The decision was based on an April 29, 2013, independent medical evaluation by Bruce Guberman, M.D., in which he determined that Mr. Ward had reached maximum medical improvement. Mr. Ward was laid off from his job on August 8, 2014. On January 15, 2015, this Court affirmed a Board of Review decision closing the claim for temporary total disability benefits. Mr. Ward, by counsel, requested that the claim be reopened for permanent partial disability and temporary total disability benefits on December 8, 2017. The request was denied by the claims administrator on December 12, 2017.

On July 18, 2018, Bruce Guberman, M.D., performed an independent medical evaluation in which he determined that Mr. Ward had reached maximum medical improvement. Dr. Austin authored a letter on July 24, 2018, stating that she last treated the claimant on March 27, 2013, at which time he was allowed to return to light duty work with restrictions. She stated that if his employer was unable to accommodate his restrictions, Mr. Ward would be unable to return to work as an underground coal miner, and he would be completely disabled from his regular line of work.

Mr. Ward completed an affidavit on July 25, 2018, in which he stated that he received temporary total disability benefits from March 23, 2012, through December 7, 2012. He was released to return to light duty work on December 21, 2012. Mr. Ward stated that he worked light duty until August of 2014, when he was laid off. He further stated that he attempted to find another coal mining job with light duty work but was unable to do so.

The Office of Judges affirmed the claims administrators denial of the request to reopen the claim for temporary total disability benefits in its October 11, 2018, Order. It found that Mr. Ward's request for a reopening of the claim failed to allege an aggravation or progression of the compensable injury. He was last treated by his primary doctor, Dr. Austin, on March 27, 2013. At that time, Dr. Austin stated that Mr. Ward had not exhausted conservative treatment. Prior to that, on November 14, 2012, Dr. Burt examined Mr. Ward and found that he had reached maximum medical improvement. Mr. Ward was evaluated by Dr. Mukkamala on April 29, 2013. Dr. Mukkamala found that he had reached maximum medical improvement. The Office of Judges noted that Mr. Ward protested a December 8, 2012, claims administrator's decision closing the claim for temporary total disability benefits. That decision was affirmed by the Office of Judges, Board of Review, and this Court. In that decision, this Court found that Mr. Ward had reached maximum medical improvement on November 14, 2012, per Dr. Burt's report. This Court further determined that his opinion was supported by Dr. Mukkamala's evaluation, in which he too determined that Mr. Ward had reached maximum medical improvement. This Court determined that Mr. Ward was not entitled to further temporary total disability benefits. In the case on appeal, the Office of Judges found that Mr. Ward failed to introduce evidence that he sustained an aggravation or progression of his compensable injury. The Office of Judges stated that his inability to find a coal mining job that can accommodate his restrictions is not a sufficient reason to reopen his claim for temporary total disability benefits. The Board of Review affirmed the Office of Judges' Order on March 7, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. In order to reopen a claim for temporary total disability benefits, the claimant must make an application in writing showing a progression or aggravation of the compensable condition or some other fact or facts which were not considered previously that would entitle the claimant to greater benefits than he or she had already received. West Virginia Code § 23-5-3. This Court affirmed a Board of Review decision closing the claim for temporary total disability benefits on January 15, 2015.[1] In the case at bar, Mr. Ward failed to submit any medical evidence indicating he sustained an aggravation or progression of his compensable injury. He also failed to submit any evidence showing a fact or facts not previously considered which would entitle him to a reopening of his claim. Therefore, the request to reopen the claim was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 26, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[1] *See* Ricky Ward v. Arcelormittal USA XMB Princeton Div., No. 14-0234, 2015 WL 249247 (W. Va. Jan. 15, 2015) (memorandum decision).